Friday, March 20th, the Judges pronounced their opinions;
JUDGE BROOKE.
The general rule, that all persons interested in the division of the same subject ought to be parties in a suit brought by one or more of them, does not apply to the present case: the division here could not be made at one and the same time, in pursuance of the will of the testator, but at the several periods when any one or more of his children should separate from the family with the' consent of the mother; nor will I, after a division has been made, as to one ■ or more of the children, without complaint on their part, presume that they *are dissatisfied, or have received an unequal share. A contrary rule, in the present case, would tend to harass the persons interested by a multiplicity of suits; inasmuch as, under its operation, they would all be made parties whenever any one of the' children separated from the family, and claimed its share under the will. For these reasons, and because all parties appear to have acquiesced in, and consented to, a division of the estate into six equal parts, according to the number of children, (without deciding on the effect of the words, ‘‘child’s part,” in the will, which, probably, would have produced a different rule of division from ■ the one adopted by the parties,) I am of opinion the decree of the chancellor is correct, and ought to be affirmed.
JUDGES COAETER and ROANE were of the same opinion.
Decree unanimously affirmed.
BlGAriY.
I.Statutory Provisions.
II.Elements of the Offence.
1. Prior Valid Marriage.
2. Subsequent Marriage.
III.Evidence.
1. To Prove Prior Marriage.
a. Admissions of Accused.
b. Cohabitation.
c. Testimony of witness Present at Marriage.
d. Certificate of Celebrant.
e. Decree in Divorce Proceedings.
f. Evidence of License without Production of
License Itself.
2. Evidence to Show Invalidity of Prior Marriage.
3. Sufficiency of Evidence.
I. STATUTORY PROVISIONS.
The Virginia and west Virginia statutes regarding the crime of bigamy are identical, and provide as follows: “If any person, being married, shall, *621 during the life of the former husband or wife, marry another person in this state, or if the marriage with such other person take place out of the state, shall thereafter cohabit with such other person in this state, he shall be confined in the penitentiary not less that three nor more than eight years.” Va. Code, § 3781; W. Va. Code, ch. 149, § 1. By a subsegment section it is provided that: “The preceding section shall not extend to a person whose former husband or wife shall have been continually absent from such person for seven years next before marriage of such person to another, and shall not have been known by such person to be living within that time; nor to a person who shall, at the time of the subsequent marriage, have been divorced from the bond of the former marriage, or whose former marriage shall at that time have been declared void by the sentence of a court of competent jurisdiction.” Va. Code, § 3782; W. Va. Code, ch. 149, § 2.
H. ELEMENTS OF OFFENCE.
1. PRIOR VALID MARRIAGE. — In order for a second marriage to constitute the crime of bigamy it is, of course, essential that the first marriage should have been a valid marriage, and that the marital relation should have been subsisting between the parties thereto at the time the defendant -entered into the second marriage. Oneale v. Com., 17 Gratt. 582. Jf the defendant was already lawfully married at the time the first marriage alleged in the indictment took place, such marriage is a nullity, and the second marriage laid in the indictment cannot constitute the offence of bigamy. State v. Goodrich. 14 W. Va, 834.
2. SUBSEQUENT MARRIAGE. — The subsequent marriage of the accused is of course another essential element of the crime. State v. Goodrich, 14 W. Va. 834. See also, the statutes, ante, this note, '‘Statutory Provisions.”
III. EVIDENCE.
1. TO PROVE PRIOR MARRIAGE.
a. Admissions of Aoouskd. — On a trialfor bigamy, the admission of the prisoner and his acts are competent evidence to prove the prior marriage, without producing the record, or a witness who was present at the marriage. Oneale v. Com., 17 Gratt. 582; State v. Goodrich, 14 W. Va. 834; Bird v. Com., 21 Gratt. 800; Warner v. Com., 2 Va. Cas. 95.
b. Cohabitation.'--It has been held that in a prosecution for bigamy, defendant’s cohabitation with the woman as his wife is proper evidence of the first marriage. Warner v. Com., 2 Va. Cas. 95; Bird v. State, 21 Gratt. 800.
C. TESTIMONY OF WITNESS PRESENT AT MARRIAGE. —-Although the testimony of a witness present at the marriage may not be as conclusive or satisfactory as the confession of the party, there is no solid reason for rejecting it as incompetent. There is no technical rule forbidding the reception of such evidence. When a witness testifies to a marriage in a foreign state, solemnized in the manner usual and customary in such state, by a person duly authorized to celebrate the rites of marriage, and the -parties afterwards lived together as man and wile, this is as satisfactory evidence of a valid marriage as could be expected or desired, and in such case it Is not necessary to prove the laws of such state, or to offer further evidence of a compliance with its provisions. Bird v. Com.. 21 Gratt. 800. In another case, it appeared that the first marriage took place in Pennsylvania, where a marriage could be solemnized by the parties taking each other for husband and wile before twelve witnesses, one of whom was a justice of the peace, a certificate of the marriage under the hands of the parties and the twelve witnesses being brought to the register of the county, and recorded. It was held, tnat the parol testimony of one of the witnesses who was present at the marriage was sufficient to establish that one of the number was a justice of the peace, and the fact of marriage. Warner v. Com., 2 Va. Cas. 95.
d. Certificate of Celebrant. — The certificate of the party who performed the ceremony at the first marriage is admissible, in connection with other evidence, to show the prior marriage, even though it is not stated in the certificate that the celebrant was a person authorized by law to perform the ceremony. Moore v. Com., 9 Leigh 639.
e. Decree in Divorce proceedings. — Where a decree of divorce is introduced merely for the purpose of showing that up to the time of the decree the parties to the case were husband and wife, it is unnecessary to introduce other parts of the record in such divorce proceeding. State v. Goodrich, 14 W. Va. 834.
f. Evidence of License without Production of License Itself. — On a trial for bigamy, evidence may be given of the prisoner’s marriage under a license purporting to have been issued by the clerk of the proper court, and of the fact that such a license was issued to the prisoner, without producing the license itself, though it be within the power of the commonwealth. Moore v. Com., 9 Leigh 639.
2. EVIDENCE TO SHOW INVALIDITY OF PR LOR MARRIAGE — On a trial for bigamy, where the defendant claims that the previous marriage on which the charge is based was invalid because at the time of such previous marriage he had a wife living, evidence is admissible to show that he had a wife living a year before such previous marriage, as from such evidence there would arise a presumption that she was living at the time of the previous marriage charged. State v. Goodrich, 14 W. Va. 834.
3. SUFFICIENCY OF EVIDENCE — A verdict against the defendant will not be set aside on the ground that it is not warranted by the evidence, where the prior marriage is proved by the celebrant and the second marriage by the admission of the accused. State v. Goodrich, 14 W. Va. 834; Bird v. State, 21 Gratt. 800.

Note. The last of these modes of division was adopted in this case, and sanctioned by this court, on the ground of acquiescence and consent of parties : no exception to the report of the commissioners having been taken in the court below; and a previous division, on the same principle, having been made without objection by any party interested. — Note in Original Edition.